**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5050**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL DERILL SUTTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-05-27)

---

Submitted: September 27, 2006     Decided: December 1, 2006

---

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Derill Sutton pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of 120 months imprisonment. The 120-month term was both the statutory maximum and the bottom of the advisory guideline range of 120-150 months. Sutton contends on appeal that his sentence is unreasonable because he obtained no benefit from his three-level adjustment for acceptance of responsibility. U.S. Sentencing Guidelines Manual § 3E1.1 (2004). We affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), before imposing a sentence, a district court must correctly determine the guideline range, determine whether a sentence within the range serves the statutory purposes set out in § 3553(a) and, if not, select a sentence within the statutory maximum that serves those purposes. United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006). A sentence imposed within a correctly computed guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence may be unreasonable if (1) it was not "selected pursuant to a reasoned process in accordance with law," (2) gives excessive weight to a

relevant factor, or (3) is not "fair and just . . . in light of the relevant facts and law."  Id.[*]

Sutton does not dispute that the district court correctly calculated his guideline range.  He received the benefit of his acceptance of responsibility to the extent contemplated under the guidelines.  Had the court begun the adjustment at 120 months, Sutton would have been rewarded twice for acceptance of responsibility, because the 120-150 range already included an adjustment under § 3E1.1.  The record here reveals that the district court understood its authority to depart downward or impose a variance sentence, but showed no desire to do so.  Because the court properly calculated and considered the advisory guideline range and weighed the relevant § 3553(a) factors, we conclude that the sentence was reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal

---

[*]The government argues that the plain error standard of review applies because Sutton did not request a departure to reward him for accepting responsibility.  However, the only claim of error Sutton makes on appeal is that the sentence was unreasonable.  Thus, the reasonableness standard applies.  The government also argues that the district court's decision not to depart is not reviewable.  However, this court has held that a sentencing court's decision not to depart below the advisory guideline range is reviewed for reasonableness. United States v. Montes-Pineda, 445 F.3d 375, 377-78 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED